United States Bankruptcy Court
Northern District of Illinois
Eastern Division

| | |
|---|---|
| In re:<br>Jesus Alejandre,<br><br>　　　　　　　　Debtor. | Bankruptcy No. 15-bk-09728<br>Chapter 7<br>Adversary No. 15-ap-00459 |
| Keith Coles,<br>　　　　　　　　Plaintiff<br>　　v.<br>Jesus Alejandre,<br>　　　　　　　　Defendant. | |

## MEMORANDUM OPINION ON DEBTOR'S
## AMENDED MOTION TO DISMISS

This adversary proceeding relates the chapter 7 bankruptcy case filed by Jesus Alejandre ("Debtor"). Plaintiff Keith Coles ("Coles") filed a Complaint seeking determination that a debt is nondischargeable under 11 U.S.C. § 523(a)(2)(A) based, in part, on allegations that Debtor misrepresented that two loans extended by Coles would be used for real estate investments which Debtor was involved with at the time, but which Debtor never invested or repaid. Before the court for ruling is Debtor's amended motion to dismiss the Complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, *see* Fed. R. Bankr. P. 7012(b) (incorporating Fed. R. Civ. P. 12(b)).

For reasons stated below, Debtor's amended motion to dismiss will be denied.

### BACKGROUND

On a motion to dismiss under Rule 12(b)(6), all well-pleaded allegations in the complaint are accepted true and viewed in the light most favorable to the non-moving party. *Larson v. United Healthcare Ins. Co.*, 723 F.3d 905, 908 (7th Cir. 2013); *Anchorbank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). Facts evident from documents attached as exhibits to the complaint are considered, as is information that can be judicially noticed. *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019–20 (7th Cir. 2013). The Complaint, its exhibits, and papers filed in the bankruptcy case disclose the following facts.

Coles and Debtor executed two loan agreements in 2008, dated June 2, 2008 and August 29, 2008, respectively. (Compl. ¶¶ 5, 8; Ex. 3 & 4.) The loan agreements purport to be between Coles and the Debtor, not individually, but on behalf of an entity identified in the documents as either "JLSA Investment" or "JLSA Investment LLC." (*See* Compl. Ex. 3, 4.)

The first loan agreement, dated June 2, 2008, is identified in a heading to be between Coles as "Lender" and "JLSA Investment of 4259 W. Cortez Chicago, IL 60651" as "Borrower." (Compl. Ex. 3) The loan agreement is signed by "Jesus Alejandre (Borrower)" without reference to JLSA Investment, and by Coles. (*Id.*) The terms of the agreement provide for a loan amount of $50,000, to be paid in full by August 31, 2008. The agreement also includes the following clause: "Keith Coles is now qualified with JLSA Investment, to be credit partner for future investment ventures. Potential profit will be $5,000. JLSA Investment, will be further educated on investment opportunities with JLSA Investment. JLSA Investment requires a 45 day notice in order to refund the $50,000 upon request." (*Id.*)

The second loan agreement, dated August 29, 2008, purports to be made between Coles as "Lender" and "JLSA Investment, LLC of 3328 W. North Ave, Chicago, IL 60647" as "Borrower." (Compl. Ex. 4.) The second agreement is for a loan in the amount $10,000 to be paid in full on September 12, 2008. (*Id.*) Both loan agreements contain clauses making the lender liable for costs of collection upon default. (*See* Compl. Ex. 3, 4.)

At the time the loan agreements were executed, Debtor represented to Coles that Debtor needed the loans to finance real estate investments that Debtor was involved with at that time, and that Debtor would repay the amounts loaned under these agreements by the dates set forth in the loan agreements. (Compl. at 3.) Coles and the Debtor had been friends since the early 1990s and Debtor held himself out as a successful real estate broker. (*Id.* at 5.) In addition to acting as president of JLSA Investments, Debtor was the president of Aspire Realty Group, Inc., an Illinois corporation incorporated in November 2005. (*Id.* at 4.)

2

Debtor did not use the funds advanced under the loan agreements for real estate investments, or repay any amount owed to Coles under these agreements. (*Id.* at 3.) JLSA Investment LLC was registered with the state of Illinois as a limited liability company on September 8, 2008, after the agreements were signed and after the first loan became due. (*Id.* ¶ 3, Ex. 1.) Debtor operated the company until it was involuntarily dissolved on March 12, 2010. (*Id.* at 4.)

In September 2010, approximately two years after the loans became due and after Coles repeatedly inquired about repayment, Debtor told Coles that the funds had not been invested in real estate but had instead been used by Debtor for his business expenses. (*Id.*)

On June 2, 2014, Coles obtained a judgment against Debtor in the Circuit Court of Cook County for $109,257.79. (*Id.* ¶ 11.)

On March 19, 2015, Debtor filed his voluntary petition for relief under chapter 7 of the Bankruptcy Code; Debtor identified Coles as a creditor in his schedules. (*See id.* ¶ 12.)[1] Coles subsequently filed his Complaint seeking a determination that the debt owed to him by Debtor is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

Debtor's amended motion to dismiss argues that the Complaint fails to state a claim for which relief can be granted for two reasons: (1) Debtor loaned money to JLSA Investment LLC, not to Debtor personally, and any liability by Debtor personally was obtained by default judgment without Debtor having been served personally; and (2) the Complaint fails to plead a an actionable misrepresentation under 11 U.S.C. § 523(a)(2)(A).

Coles filed a Response to Debtor's amended motion to dismiss. The Response incorporates new documents and argues facts not part of the Complaint. Since a Rule 12(b)(6) motion deals with the Complaint as pleaded, those new matters will not be considered here.

Debtor did not file any reply in support of his motion to dismiss by the deadline set by court order, or otherwise seek any further opportunity to reply.

---

[1] The Complaint states that Debtor scheduled a debt of $1,000, but this is incorrect. The amount of the debt disclosed in Debtor's schedules is $61,000.

3

## DISCUSSION

### JURISDICTION AND VENUE

Subject matter jurisdiction lies under 28 U.S.C. § 1334. The district court may refer bankruptcy proceedings to a bankruptcy judge under 28 U.S.C. § 157, and this proceeding is thereby referred here by District Court Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue lies under 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I). It seeks to determine the dischargeability of a debt. Therefore, it "stems from the bankruptcy itself," and may constitutionally be decided by a bankruptcy judge. *Stern v. Marshall*, 131 S.Ct. 2594, 2618 (2011).

### SUFFICIENCY OF THE PLEADINGS

To survive a motion to dismiss under Rule 12(b)(6), a complaint must give the defendant "fair notice" of each claim and present facts suggesting a right to relief that is plausible rather than merely speculative. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plausibility in this context means that "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Plausibility does not impose a probability requirement but "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" supporting the allegations made in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)

### NON-DISCHARGEABILITY OF DEBT

Debtor's motion to dismiss will be denied because the facts alleged by Coles in his Complaint are sufficient to give notice of a claim and state a plausible claim under 11 U.S.C. § 523(a)(2)(A). Pursuant to this provision, an individual debtor's creditor may object to discharge with respect to any debt "to the extent obtained by . . . false pretenses, a false

4

representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A).

Coles asserts a claim based on false representations and false pretenses. To except debts from discharge for false pretenses or false representation, a creditor must show: (1) the debtor made a false representation of fact, a representation, (2) which the debtor, either (a) knew was false or made with reckless disregard for the truth or (b) that debtor possessed an intent to deceive or defraud (3) upon which the creditor justifiably relied. *In re Davis*, 638 F.3d 549, 553 (7th Cir.2011); *Ojeda v. Goldberg*, 599 F.3d 712, 716 (7th Cir.2010).

The Complaint primarily alleges that Debtor owes a debt to Coles in connection with two loan agreements executed in 2003, and that, when the loan agreements were executed, Debtor misrepresented to Coles that the loans would be used for real estate investments that Debtor was involved with at the time.

A. <u>Allegations That Debtor Incurred Debt Are Plausible</u>

Debtor's first ground for dismissing the Complaint is that the loans at issue were not incurred by him personally but were instead made to JLSA Investment, and that the Debtor's personal liability for these debts was imposed by default judgment without Debtor having been served personally. However, these are not grounds for dismissing the Complaint for failure to state a claim under Rule 12(b)(6). The Complaint alleges that Debtor owes a debt to Coles in connection with the referenced loan agreements; that a money judgment was obtained by Coles against Debtor in connection with these debts; and that Debtor scheduled Coles's debt in his bankruptcy schedules. In ruling on a motion to dismiss under Rule 12(b)(6), the court presumes these allegations to be true.

Moreover, while the Loan Agreements executed by Debtor and Coles identify an entity other than Debtor individually as the "borrower," the Complaint also alleges that the entity at issue (JLSA Investment LLC) did not exist at the time the agreements were executed by Debtor. Therefore, allegations that the Debtor is personally liable for these debts are consistent with the documents attached to the Complaint.

5

B. False Pretenses or Misrepresentation

Debtor also argues that the Complaint fails to allege an actionable misrepresentation under 11 U.S.C. § 523(a)(2)(A) because it merely alleges that Debtor failed to uphold a promise to use the borrowed funds in a specified manner in the future. "To be actionable under § 523(a)(2)(A), 'a false representation must concern present or past asserted facts and not be representations or promises to do future actions unless the debtor never intended to perform or had no reasonable basis for his promise of performance or other representation.'" *In re Alomari*, 486 B.R. 904, 911–912 (Bankr. N.D. Ill. 2013) (citation omitted). Even though intent to deceive requires the debtor's subjective intent to deceive when the debtor made the representations, *In re Monroe*, 304 B.R. 349, 356 (Bankr. N.D. Ill. 2004), courts can infer actual intent from surrounding circumstances, since direct proof may be unavailable, *In re Aguilar*, 511 B.R. 507, 513 (Bankr. N.D. Ill. 2014).

In this case, the Complaint alleges that Debtor misrepresented to Coles that the purpose of the loans was to finance real estate investments, did not invest the funds but instead retained the amounts loaned for his other purposes, and did not repay the amounts owed under the loan agreements. While the loan agreements contain no limitation on the way the funds are to be used, the loan agreements are purported be executed by Debtor on behalf of an entity, JLSA Investment; these terms sufficiently suggest the inference that the loans were represented as being for real estate investment purposes, rather than other purposes or no agreed purpose at all. The Complaint also alleges that Debtor was a real estate broker at the time and managed at least one other real estate investment entity. Viewing these facts in the light most favorable to the plaintiff, a reasonable inference may be made that the loans would not have been otherwise extended but for the alleged misrepresentations.

Moreover, the Complaint alleges that Debtor executed the loan agreements on behalf of an entity that did not come into existence until after the agreements were executed, and that Coles subsequently obtained a judgment in state court against the Debtor individually in connection with these loans. These allegations are sufficient to suggest that a fraud or misrepresentation of fact took place at the time the loan agreements were executed by Coles

and Debtor such that Debtor may be deemed personally liable for the debts incurred in connection with the loan agreements.

## CONCLUSION

For the foregoing reasons, Debtor's amended motion to dismiss will be denied by separate order.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this ___ day of November, 2015

NOV 23 2015